# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF DELAWARE

FRED HUFFMAN,                          :
                                       :
              Plaintiff,               :
                                       :
       v.                              :        Civ. No. 15-606-LPS
                                       :
PATRICIA BLEVINS, et al.,              :
                                       :
              Defendants.              :

Fred Huffman, James T. Vaughn Correctional Center, Smyrna, Delaware, Pro Se Plaintiff.

## **MEMORANDUM OPINION**

March 9, 2016
Wilmington, Delaware

STARK, U.S. District Judge:

## I.      INTRODUCTION

Plaintiff Fred Huffman ("Plaintiff"), an inmate at the James T. Vaughn Correctional Center

in Smyrna Delaware, filed this action pursuant to 42 U.S.C. § 1983 alleging violations of his

constitutional rights.[1] (D.I. 2, 23)  He appears *pro se* and has been granted leave to proceed *in forma*

*pauperis.* (D.I. 17)  Plaintiff has filed a motion for reconsideration of the order denying his request

for counsel. (D.I. 24)  The Court proceeds to review and screen the Complaint and Amended

Complaint pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(a).

## II.     BACKGROUND

Plaintiff pled guilty to State charges of unlawful sexual intercourse in the second degree.[2]

*Huffman v. State*, 116 A.3d 1243, 2015 WL 4094234, at *1 (Del. July 6, 2015).  Plaintiff was sentenced

on July 26, 2013, effective September 17, 2012, to twenty years of Level V incarceration, suspended

after ten years for decreasing levels of supervision.  *Id.*  He not file a direct appeal.  On June 26,

2014, Plaintiff filed his first motion for postconviction relief, and it was denied by the Superior

Court.  The Delaware Supreme Court affirmed the judgment of the Superior Court on July 6, 2015.

*Id.*

---

[1]Pursuant to 42 U.S.C. § 1983, a plaintiff must allege that some person has deprived him of a federal right, and that the person who caused the deprivation acted under color of state law.  *See West v. Atkins*, 487 U.S. 42, 48 (1988).

[2]Plaintiff was indicted on seven counts of unlawful sexual intercourse in the first degree and five counts of unlawful sexual contact in the second degree.  The indictment alleged that Plaintiff sexually assaulted his stepdaughter between January 1991 and December 1995 when she was less than sixteen years old.  On September 17, 2012, Plaintiff pled guilty to one count of unlawful sexual intercourse in the second degree as a lesser included offense of unlawful sexual intercourse in the first degree.  *Huffman v. State*, 116 A.3d 1243, 2015 WL 4094234, at *1 (Del. July 6, 2015).

Plaintiff has sued Delaware Senator President Pro Tempore Patricia Blevins ("Blevins"), the Delaware General Assembly ("Delaware General Assembly"), Deputy Attorneys General Morgan T. Zurn ("Zurn") and Annmarie Hayes-Puit ("Hayes-Puit"), and public defender Ralph Wilkinson ("Wilkinson") for actions allegedly taken by them, as follows: (1) Senator Blevins and the Delaware General Assembly unlawfully amending 11 Del. C. § 205(e) on July 15, 1992 in violation of the Ex Post Facto Clause of the United States Constitution;[3] (2) Senator Blevins for being consistently non-responsive to Plaintiff's assertions that the amendment to 11 Del. C. § 205(e) violated the United States Constitution; (3) Hayes-Puit for disseminating Plaintiff's criminal history to non-official unauthorized persons in violation of federal and state statutes, and for committing nefarious acts of malicious prosecution via prosecutorial abuse of discretion; (4) State's attorneys for unlawfully withdrawing their own plea proposal and then cajoling Plaintiff into a subsequent plea agreement; (5) Zurn for lying to the Delaware Supreme Court in the State's answering brief; and (6) Wilkinson for not providing Plaintiff with adequate legal representation.

Plaintiff seeks compensatory and punitive damages, as well as injunctive relief to compel "the Delaware[] state legislature to cease and de[s]ist any/all constitutionally barred ex post facto criminal prosecution pursuant to Delaware's title 11:2053 as with affiliated statutes henceforth and retroactively." (D.I. 2 at 7) Plaintiff also requests that his arrest and conviction be ruled constitutionally defective. (D.I. 23 at 10)

---

[3]Plaintiff raised this issue before the Delaware Supreme Court. In rejecting the claim, the Delaware Supreme Court stated, "[b]ased upon the reasoning in *Hoennicke v. State*, 13 A.3d 744 (Del. 2010), application of the unlimited statute of limitations period to Huffman's offenses did not violate the Ex Post Facto Clause because those offenses were not disclosed to law enforcement until November 2010. Accordingly, prosecution of Huffman was not time-barred and the Superior Court did not lack jurisdiction." *Huffman*, 2015 WL 4094234, at *3.

## III.   LEGAL STANDARDS

A federal court may properly dismiss an action *sua sponte* under the screening provisions of

28 U.S.C. § 1915(e)(2)(B) and § 1915A(b) if "the action is frivolous or malicious, fails to state a claim

upon which relief may be granted, or seeks monetary relief from a defendant who is immune from

such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013); *see also* 28 U.S.C. § 1915(e)(2) (*in forma*

*pauperis* actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from a governmental

defendant); 42 U.S.C. § 1997e (prisoner actions brought with respect to prison conditions). The

Court must accept all factual allegations in a complaint as true and take them in the light most

favorable to a pro se plaintiff. *See Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008);

*Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because Plaintiff proceeds *pro se*, his pleading is liberally

construed and his Complaint, "however inartfully pleaded, must be held to less stringent standards

than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94 (citations omitted).

An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v.*

*Williams*, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1), a court

may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a

"clearly baseless" or "fantastic or delusional" factual scenario. *Neitzke*, 490 at 327-28; *see also Wilson*

*v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989); *Deutsch v. United States*, 67 F.3d 1080, 1091-92 (3d

Cir. 1995) (holding frivolous a suit alleging that prison officials took an inmate's pen and refused to

give it back).

The legal standard for dismissing a complaint for failure to state a claim pursuant to

§ 1915(e)(2)(B)(ii) and § 1915A(b)(1) is identical to the legal standard used when deciding Rule

12(b)(6) motions. *See Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Fed. R. Civ.

P. 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)). However, before

dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. §§ 1915 and 1915A, the Court must grant a plaintiff leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

A complaint may be dismissed only if, accepting the well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court concludes that those allegations "could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007). Though "detailed factual allegations" are not required, a complaint must do more than simply provide "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Davis v. Abington Mem'l Hosp.*, 765 F.3d 236, 241 (3d Cir. 2014) (internal quotation marks omitted). In addition, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *See Williams v. BASF Catalysts LLC*, 765 F.3d 306, 315 (3d Cir. 2014) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) and *Twombly*, 550 U.S. at 570). Finally, a plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, __U.S.__, 135 S.Ct. 346, 347 (2014). A complaint may not dismissed for imperfect statements of the legal theory supporting the claim asserted. *See id.* at 346.

Under the pleading regime established by *Twombly* and *Iqbal*, a court reviewing the sufficiency of a complaint must take three steps: (1) take note of the elements the plaintiff must plead to state a claim; (2) identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) when there are well-pleaded factual allegations, the court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *See Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016). Elements are sufficiently alleged when the facts in the complaint "show" that the plaintiff is entitled to relief. *See*

*Iqbal*, 556 U.S. at 679 (citing Fed. R. Civ. P. 8(a)(2)).  Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

## IV.   DISCUSSION

### A.   Habeas Corpus

To the extent that Plaintiff attempts to challenge his conviction and/or sentence, his sole federal remedy for challenging the fact or duration of his confinement is by way of habeas corpus. *Preiser v. Rodriguez*, 411 U.S. 475 (1973); *see also Torrence v. Thompson*, 435 F. App'x 56 (3d Cir. June 3, 2011).  In addition, Plaintiff cannot recover under § 1983 for alleged wrongful incarceration unless he proves that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus. *See Heck v. Humphrey*, 512 U.S. 477, 487 (1994).

Here, Plaintiff has not alleged or proven that his conviction or sentence was reversed or invalidated as provided by *Heck.*  To the extent Plaintiff seeks damages for his current incarceration, his claim is frivolous and will be dismissed.

### B.   Legislative Immunity

Defendants Senator Blevins and the Delaware General Assembly are immune from suit. The Eleventh Amendment proscribes any suit against a state, or against a state agency or department or state official, where "the state is the real, substantial party in interest," unless the state consents to suit. *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 100-101 (1984); *see also MCI Telecom. Corp v. Bell Atlantic of Penn.*, 271 F3d 491, 503 (3d Cir. 2001) (states are generally immune from private suits in federal court).  The Eleventh Amendment is a "jurisdictional bar which

deprives federal courts of subject matter jurisdiction." *Blanciak v. Allegheny Ludlum Corp.*, 77 F.3d 690, 694 (3d Cir. 1996) (citing *Pennhurst*, 465 U.S. at 98-100). The Delaware General Assembly has not waived its Eleventh Amendment immunity and, therefore, is immune from suit.

In addition, the Supreme Court has held that individual members of state legislatures are absolutely immune from suit for damages under 42 U.S.C. § 1983 when conducting legitimate legislative activity. *See Tenney v. Brandhove*, 341 U.S. 367, 376-79 (1951). It is well established that "state and regional legislators are entitled to absolute immunity from liability under § 1983 for their legislative activities." *Bogan v. Scott-Harris*, 523 U.S. 44, 46 (1998) (citations omitted). "Whether an act is legislative turns on the nature of the act, rather than on the motive or intent of the official performing it." *Id.* at 54. Any activity that is in the sphere of legitimate legislative activity is a legislative act. *See id.*

Here, Plaintiff alleges that Senator Blevins acted in an unconstitutional manner in amending 11 Del. C. § 205(e) and by not responding to Plaintiff's assertions that the amendment violates the Constitution. Senator Blevins is absolutely immune from suit for these actions.

Accordingly, the Court will dismiss the Delaware General Assembly and Senator Blevins pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii) and 28 U.S.C. § 1915A(B)(2) as they are immune from suit.

## C.     Prosecutorial Immunity

Plaintiff alleges that Hayes-Puit and/or Zurn disseminated Plaintiff's criminal history to non-official unauthorized persons in violation of 11 Del. C. §§ 4322 and 8513[4] and federal statute 552a[5]

---

[4]Plaintiff raised this claim in his motion for post-conviction relief. He contended that his criminal history was shown to his stepdaughter in violation of §§ 4322 and 8513 and, in turn, she disclosed the information to others to defame him. *See Huffman*, 2015 WL 4094234, at *4.

[5]Presumably, Plaintiff refers to 5 U.S.C. § 552a, a section of the Privacy Act that refers to records maintained on individuals.

and committed nefarious acts of malicious prosecution via prosecutorial abuse of discretion,[6] unlawfully withdrawing a plea proposal and then cajoling Plaintiff into a subsequent plea agreement, and lying to the Delaware Supreme Court in the State's answering brief.  Most, if not all of these acts occurred during the prosecution of Plaintiff's criminal case.

Prosecutors should not be encumbered by the threat of civil liability while performing judicial or quasi-judicial functions.  *See Odd v. Malone*, 538 F.3d 202, 208 (3d Cir. 2008).  Prosecutors acting within the scope of their duties in initiating and pursuing a criminal prosecution are immune from suit under § 1983.  *See Imbler v. Pachtman*, 424 U.S. 409, 410 (1976), *aff'd sub. nom., Schneyder v. Smith*, 653 F.3d 313 (3d Cir. 2011).  A prosecutor enjoys absolute immunity from liability for actions taken in connection with judicial proceedings.  *See Odd*, 538 F.3d at 208.  This generally means activities conducted in court, such as presenting evidence or legal arguments.  *See Giuffre v. Bissell*, 31 F.3d 1241, 1251 (3d Cir. 1994) (citing *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976)).  Prosecutorial activities outside the courtroom receive the same protection when they are "intimately associated with the judicial phase of the criminal process."  *Van de Kamp v. Goldstein*, 555 U.S. 335, 341 (2009) (internal quotation marks omitted).

Many of the acts of which Plaintiff complains (e.g., a withdrawn plea agreement, being cajoled into entering into a new plea agreement, his prosecution, his unhappiness with the contents of the State's brief) fit squarely within the realm of official prosecutorial duties.  *See id.* at 430 (activities intimately associated with judicial phase of criminal process, casting prosecutor as

---

[6]To the extent Plaintiff alleges malicious prosecution, the claim fails, as the criminal proceeding did not end in Plaintiff's favor.  "To prevail on a malicious prosecution claim under § 1983, a plaintiff must show that: (1) the defendants initiated a criminal proceeding; (2) the criminal proceeding ended in the plaintiff's favor; (3) the proceeding was initiated without probable cause; (4) the defendants acted maliciously or for a purpose other than bringing the plaintiff to justice; and (5) the plaintiff suffered deprivation of liberty consistent with the concept of seizure as a consequence of a legal proceeding."  *McKenna v. City of Phila.*, 582 F.3d 447, 461 (3d Cir. 2009).

advocates rather than administrative or investigative officers, trigger absolute immunity). Hayes-Pruit and Zuna, therefore, enjoy immunity from § 1983 liability for those acts.

To the extent Plaintiff claims that Hayes-Puit violated 11 Del. C. §§ 4322 and 8513 and that these claims do not give rise to prosecutorial immunity, the claims nonetheless fail as legally frivolous. A violation of a State statute in and of itself does not necessarily give rise to liability under 42 U.S.C. § 1983. "Section 1983 liability arises only from a violation of federal statutory or constitutional rights under color of state law." *D.R. by L.R. v. Middle Bucks Area Vocational Tech. Sch.* 972 F.2d 1364, 1375 (3d Cir. 1992).

Finally, to the extent Plaintiff claims that Hayes-Puit violated the Privacy Act, the claim fails as the Privacy Act only applies to federal governmental agencies. *See N'Jai v. Pittsburgh Bd. of Pub. Educ.*, 487 F. App'x 735, 737 (3d Cir. June 6, 2012). There is no private cause of action under the Privacy Act against a municipal or state agency. *See id.* (citing *Pennyfeather v. Tessler*, 431 F.3d 54, 56 & n.1 (2d Cir. 2005)).

### D.     State Actor

The last named Defendant is Wilkinson. As alleged by Plaintiff, Wilkinson is a public defender for the State of Delaware. Public defenders do not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in criminal proceedings. *See Polk County v. Dodson*, 454 U.S. 312 (1981). Therefore, the claim against Wilkinson is legally frivolous and will be dismissed.

## V.     CONCLUSION

For the above reasons, the Court will: (1) construe the motion to amend as an amended complaint (D.I. 23); (2) deny as moot the motion for reconsideration (D.I. 24); and (3) dismiss the complaint and amended complaint as legally frivolous and based upon Defendants' immunity

pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i) and (iii) and §§ 1915A(b)(1) and (2).  Amendment would be futile.

An appropriate Order follows.